UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **LINDA BERNING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:06-CV-00087** |
| | ) | |
| **UAW LOCAL 2209, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Quash Subpoena for Deposition of Robert Fanning or, in the Alternative, for Protective Order (Docket # 50) filed by Defendant General Motors Corporation ("GM"). GM requests that the Court quash a subpoena issued by *pro se* Plaintiff Linda Berning for the deposition of Robert Fanning, an attorney for GM defending a worker's compensation claim filed by Berning, asserting that the information Berning seeks is "not only privileged, but also irrelevant, and can be obtained from sources other than GM's counsel." (Mot. to Quash at 1.)

On April 11, 2007, the Court stayed the deposition, which was scheduled for the next day, pending further briefing on the matter. (Docket # 55.) In its Order, the Court stated: "If Berning still desires to take the deposition of Mr. Fanning, she may file a response brief on or before April 23, 2007 . . . ." (Order, April 11, 2007, at 1.) Apparently, Berning has abandoned her request to depose Fanning in this action, as she failed to file a response brief by the deadline. *See Allen v. Int'l Truck & Engine Co.*, No. 1:02-cv-0902-RLY-TAB, 2003 WL 1522942, at *1 n.2 (S.D. Ind. Mar. 21, 2003) (determining that a party had abandoned certain arguments pertaining to its motion to quash a subpoena when it failed to argue them at a status conference);

*see generally Bombard v. Fort Wayne Newspapers, Inc*., 92 F.3d 560, 562 n.2 (7th Cir. 1996) (concluding that plaintiff had abandoned claim after failing to respond to defendant's arguments concerning such claim in its motion for summary judgment).

Moreover, Berning ostensibly has failed to first seek the information that she desires to obtain from Fanning through less burdensome means. (*See* Mot. to Quash at 3); Fed. R. Civ. P. 26(b)(2)(C) (granting courts the discretion to limit discovery in the event the discovery "is obtainable from some other source that is more convenient, less burdensome, or less expensive"); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 682 (7th Cir. 2002) ("[Berning's] failure to take advantage of [an] inexpensive, convenient method of discovery, *i.e.*, interrogatories, casts serious doubts over her claim that [Fanning] possess[es] information that [is] more than marginally relevant to her civil action.").

Consequently, GM's Motion to Quash Subpoena for Deposition of Robert Fanning (Docket # 50) is hereby GRANTED.

SO ORDERED.

Enter for this 26th day of April, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

2