UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **LINDA BERNING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:06-CV-00087 |
| | ) | |
| **UAW LOCAL 2209, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Protective Order and to Quash Subpoena (Docket # 46) filed by non-party Daniel Foote ("Foote"), a hearing judge for the Worker's Compensation Board of Indiana ("Board"). Foote requests that the Court quash a subpoena issued by *pro se* Plaintiff Linda Berning and enter a protective order precluding his deposition in this matter. For the reasons stated herein, Foote's motion will be GRANTED.

### A.  *Factual and Procedural Background*

On March 20, 2006, Berning commenced this suit against Defendants General Motors Corporation ("GM"), UAW Local 2209 ("Local 2209"), and UAW International Union ("UAW"), alleging a breach of the collective bargaining agreement by GM and a breach of the duty of fair representation by Local 2209 and UAW.[1] Berning seeks $3,000,000 in damages in this suit, though she remains employed by GM and has not alleged any loss of work due to the alleged violations. (Compl. at 3.)

---

[1] On April 24, 2006, Berning filed a second action against Local 2209 and several of its officers, *see Berning v. Local 2209 UAW*, No. 1:06-cv-170 (N.D. Ind. filed April 24, 2006), and on October 19, 2006, Berning filed yet another action against GM, *see Berning v. Gen. Motors*, No. 1:06-cv-347 (N.D. Ind. filed October 19, 2006) (the "GM Suit").

The Court conducted a scheduling conference on June 1, 2006, whereby a discovery deadline of December 29, 2006, and a dispositive motion deadline of January 31, 2007, were established. (Docket # 28.)  On December 15, 2006, the Court extended the discovery deadline to April 18, 2007, and the dispositive motion deadline to May 18, 2007, and granted Berning's motion to consolidate this action with the GM Suit. (Docket # 38, 39.)

On or about March 27, 2007, Berning served Foote with a subpoena for the purpose of taking his deposition in this case. (Non-Party's Mot. for Protective Order and to Quash Subpoena ("Non-Party's Mot.") ¶ 1; Mem. in Supp. of Non-Party's Mot., Ex. A.)  As stated *supra*, Foote is a member of the Board and serves as the hearing judge with respect to Berning's Application for Adjustment of Claim filed with the Board on June 27, 2001, in the matter of *Linda Berning v. General Motors Corporation*, Cause No. C-157992. (Non-Party's Mot. ¶ 2.)  Pursuant to Ind. Code § 22-3-4-6, Foote heard Berning's worker's compensation dispute in May 2006 and subsequently issued findings of fact and conclusions of law. (Non-Party's Mot. ¶ 3.)  On September 17, 2006, Berning filed notice of an administrative appeal of those findings, which will be set for hearing before the Board. (*Id*. ¶ 4.)

On April 5, 2007, Foote filed the instant motion requesting a protective order, to the end that the subpoena issued by Berning be quashed. (Docket # 46.)

### *B.  Analysis*

Berning contends that Foote's deposition should go forward because he "is the most important non-party witness in her [entire] case," summarily asserting that he "has general and specific knowledge of case-related, relevant information." (Pl.'s Resp. and Req. to be Allowed to Proceed with Dep. of Daniel Foote ¶ 1.)  The only issue that Berning identifies with any

2

particularity, however, is her belief that Foote "will contradict and possibly impeach testimony given by the defense," explaining that Foote "was present when statements were made on and off any record by GM attorney Robert Fanning." (*Id*. ¶¶ 7, 8.)

In response, Foote requests that the Court enter a protective order precluding Berning from taking his deposition, asserting that given the judicial nature of his duties, the deposition "is improper and would be unduly burdensome and oppressive." (Non-Party's Mot. ¶ 7.)  More specifically, Foote contends that Berning fails to make "even a threshold showing" as to the requested information's relevancy and asserts that the requested information is "readily obtainable through other means." (Mem. in Supp. of Non-Party's Mot. at 1-3.)  Moreover, Foote argues that the information Berning seeks "falls squarely within the ambit of the deliberative process privilege" and the mental processes privilege. (*Id*.)

Federal Rule of Civil Procedure 26(c) provides that a court, upon motion by a party or person from whom discovery is sought, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . ."  Rule 26(b)(2)(C) grants additional discretion to the court to limit discovery in the event that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues.

The Seventh Circuit Court of Appeals has confirmed that "[d]istrict courts have broad discretion in matters relating to discovery." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676,

3

681 (7th Cir. 2002).  It has cautioned, however, that "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Id.* (internal quotation marks and citation omitted).

Here, at least some of the information that Berning seeks "is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). To explain, Berning requests to depose Foote about statements made by Fanning "on and off" the record at the worker's compensation hearing.  Clearly, Berning can obtain any statements made by Fanning on the record by reviewing the administrative record maintained by the Board, which apparently "is available for her to inspect and copy during normal business hours." (Reply in Supp. of Non-Party's Mot. at 3); *see generally O'Malia v. State*, 192 N.E. 435, 436 (Ind. 1934) ("A court speaks only by its record . . . .").  Berning's "failure to take advantage of this inexpensive, convenient method of discovery . . . casts serious doubts over her claim that [Foote] possess[es] information that [is] more than marginally relevant to her civil action." *Patterson*, 281 F.3d at 682.

Moreover, in order for her to contend that any off-the-record statements made by Fanning are relevant, Berning apparently must have heard the statements herself at the hearing.  Thus, she is seemingly in the exact same position as Foote with respect to testifying about Fanning's off-the-record statements.  Since Berning ostensibly already possesses the desired information, her request to also obtain the information from Foote is seemingly duplicative, less convenient, more burdensome, and more expensive. *See generally Marco Island Partners v. Oak Dev. Corp.*, 117

4

F.R.D. 418, 419-20 (N.D. Ill. 1987) (denying plaintiff's request to depose opposing counsel where the deposition had potential for harassment and his testimony would be duplicative of other witnesses).

Analyzing Berning's request in light of the factors delineated in Rule 26(b)(2)(C), a protective order precluding Foote's deposition is warranted.  First, the Court cannot accurately assess the value of the information that Berning seeks since she remains evasive about the subject matter of the information she hopes to gain through deposing Foote. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  Second, the actual amount in controversy may well be less than the $3,000,000 Berning claims in damages, as she remains currently employed by GM and has not alleged any loss of work due to Defendants' alleged actions. *See id.*  Third, Berning's request is seemingly duplicative, *see* Fed. R. Civ. P. 26(b)(2)(C)(i), and finally, Berning has not attempted to obtain the desired information through less burdensome means, such as reviewing and copying the administrative record available from the Board, *see* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Furthermore, to the extent that the information Berning seeks touches upon any mental processes or the deliberative process of Foote or the Board with respect to her worker's compensation claim, a general bar exists against probing the mental processes involved in administrative decision-makers' deliberations. *See United States v. Morgan*, 313 U.S. 409 (1941).  "Just as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be equally respected." *Id.* (internal citations omitted); *see also Standard Packaging Corp. v. Curwood*, 365 F. Supp. 134, 135 (N.D. Ill. 1973) ("The essential line of demarcation appearing from the cases is that judicial and quasi-judicial officers may be compelled to testify only as to relevant matters of fact that do not probe into or compromise the

5

mental processes employed in formulating the judgment in question."); *see also Med. Licensing Bd. of Ind. v. Provisor*, 669 N.E. 2d 406, 409-10 (Ind. 1996) (applying the mental processes privilege and deliberative processes privilege under Indiana law).

Therefore, when viewing Berning's request under the totality of circumstances, *see Patterson*, 281 F.3d at 681-82, the Court will grant Foote's request for a protective order precluding his deposition. *See generally Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) ("District courts have broad discretion in discovery matters . . . .").

### *C. Conclusion*

For the reasons set forth herein, the Non-Party's Motion for Protective Order and to Quash Subpoena (Docket # 46) is hereby GRANTED in so far as Berning's subpoena for the deposition of Foote is QUASHED and she is precluded from deposing Foote in the instant action.

SO ORDERED.

Enter for this 4th day of May, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge