UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **LINDA BERNING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:06-CV-00087 |
| | ) | |
| **GENERAL MOTORS CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a Motion to Compel (Docket # 66) filed by *pro se* Plaintiff Linda Berning ("Berning") on May 18, 2007.  On May 21, 2007, the Court issued a Notice (Docket # 67) directing that the Motion would be briefed in accordance with the schedule set out in Local Rule 7.1(a).  Defendant General Motors Corporation ("GM") filed a response in opposition to the Motion on June 5, 2007 (Docket # 76).  The time for Berning to reply has now passed.  For the following reasons, Berning's Motion will be DENIED.

*A.  Factual and Procedural Background*

On March 20, 2006, Berning commenced this suit against GM, UAW Local 2209 ("Local 2209"), and UAW International Union ("UAW"), alleging a violation by GM of the Americans with Disabilities Act ("ADA"), a breach of paragraph 6A of the national collective bargaining agreement (a provision prohibiting disability discrimination), and a breach of the duty of fair representation by Local 2209 and UAW. (*See* Docket # 1.)  Berning seeks $3,000,000 in damages in this suit, though she remains employed by GM and has not alleged any loss of work due to the alleged violations. (Compl. at 3.)

On or about March 20, 2007, Berning served nineteen interrogatories on GM, seeking

information pertaining to her claim that she was regarded by GM as disabled in violation of the ADA; GM served its answers to Berning's interrogatories on April 25, 2007. (Docket # 59.) Berning's present Motion puts at issue nine of GM's answers.

### B. Applicable Legal Standard

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). For purposes of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes*, No. 00 C 2737, 2001 WL 969037, at *1 (N.D. Ill. Aug. 24, 2001) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

This Court has broad discretion when deciding whether to compel discovery. Fed. R. Civ. P. 26(c); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). In making its ruling, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile*, 95 F.3d at 496. In that regard, a court has the power to limit proposed discovery if the burden and expense it would impose outweighs its likely benefit. *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (citing Fed. R. Civ. P. 26(b)).

### C. Discussion

Here, Berning challenges GM's answers to Interrogatories 1, 2, 5, and 6-11. These Interrogatories will each be discussed in turn.

2

Interrogatories 1, 2, and 5

Simply stated, Interrogatories 1, 2, and 5 ask whether GM's plant nurse, plant physician, and "Rick Rochte from Sedgwick CMS" have the authority to deny a worker's compensation claim that has already been "accepted" and OSHA recorded.

In response, GM argues that the requested information is "wholly irrelevant" to Berning's current claims. (GM's Opp'n to Pl.'s Mot. to Compel at 2.)  Morever, GM states that Berning's Interrogatories are vague and ambiguous, as OSHA recordability does not involve concepts of "acceptance" or "denial."  Despite Berning's rather in-artful terminology, GM reports that it answered these Interrogatories to the best of its ability.

Indeed, the relevancy of the requested information is less than apparent.  Moreover, Berning's Interrogatories are vague and ambiguous, as she seems to be confusing the concept of OSHA recordability with worker's compensation claims. *See, e.g.*, *Odaka v. Nash*, No. 89 C 9058, 1994 WL 110208, at *2 (N.D. Ill. Mar. 25, 1994) (denying an interrogatory that employed vague phrases); *see generally In re Sulfuric Acid Trust Litig.*, 231 F.R.D. 320 (N.D. Ill. 2005) (quoting *Vanston Bondholders Prot. Comm. v. Green*, 329 U.S. 156, 170 (1946) (Frankfurter J., concurring)) ("Putting the wrong question is not likely to beget right answers even in law."). Furthermore, GM's answers to the Interrogatories concerning the scope of each individual's authority are complete, particularly considering the confusing nature of Berning's writings. *See Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992) (denying a motion to compel an answer to an interrogatory where defendant's response to the interrogatory was already "complete").  Therefore, Berning's Motion to Compel will be denied with respect to Interrogatories 1, 2, and 5.

Interrogatories 6, 7, 8, 9, and 10

In Interrogatories 6 through 10, Berning seeks information concerning who at GM denied her worker's compensation claim in 2001 (Interrogatory 6), whether the UAW did anything to negotiate the claim on her behalf (Interrogatories 7-9), and the reason for denial of the claim as well as the doctors involved (Interrogatory 10).

As to Interrogatories 6 and 10, GM contends that its position concerning the denial of Berning's worker's compensation claim (that is, GM does not think it was work related) has been no secret and was adequately revealed in the proceedings before the Worker's Compensation Board.  It emphasizes that its position was set forth in the record of proceedings to Berning's worker's compensation claim, which was already provided to Berning.  As to Interrogatories 7, 8, and 9, GM asserts that it answered these Interrogatories and has specifically explained that Berning's union is not involved in the resolution of employee worker's compensation claims.  Thus, GM is "utterly perplexed" as to what additional information Berning wishes to receive. (GM's Opp'n to Pl.'s Mot. to Compel at 3.)

In her Motion, Berning does not identify any additional information that she seeks in response to Interrogatories 6-10; rather, she simply asserts that the answers provided by GM are "not true." *See Local 1239 v. Allsteel, Inc*., 94 C 3552, 1995 WL 348028, at *6 (N.D. Ill. June 7, 1995) (denying a motion to compel where plaintiff did not specifically identify what evidence it was attempting to discover).  Her mere disagreement with GM's answers, however, does not serve as a basis for a motion to compel. *See Mason v. Smithkline Beecham Corp*., No. 05-CV-1252, 2007 WL 781758, at *3 (C.D. Ill. Mar. 12, 2007) (stating that an attack on defendant's credibility in an effort to point out inconsistencies is an issue reserved for summary judgment or

4

trial, not a motion to compel).  Clearly, GM's answers to these Interrogatories are complete, *see Burton*, 148 F.R.D. at 233, and thus Berning's Motion with respect to these Interrogatories will be denied.

Interrogatory 11

Finally, in Interrogatory 11 Berning wants to know whether GM had any contact with any of her doctors, and if so, the names of the doctors involved.

GM's response is that it provided Berning with her entire plant medical file and that the file reflects any communications that GM had with any of her health care providers.  Thus, GM relies on Federal Rule of Civil Procedure 33(d), which states that where an answer to an interrogatory may be derived or ascertained from business records, it is a sufficient answer to specify the records from which the answer may be derived or ascertained and afford the party a reasonable opportunity to examine, audit, or inspect, and copy, the records. *See, e.g.*, *Johnson v. City of Kankakee*, No. 04-2009, 2007 WL 1431874, at *2 (C.D. Ill. May 11, 2007).  Indeed, Berning has not alleged that the records produced by GM in response to Interrogatory 11 did not contain the information she requested, *see Local 1239*, 1995 WL 348028, at *6; consequently, GM's answer is deemed complete. *Burton*, 148 F.R.D. at 233.  Therefore, Berning's Motion to Compel with respect to Interrogatory 11 will be denied.

### *D.  Conclusion*

For the foregoing reasons, Berning's Motion to Compel (Docket # 66) is DENIED.

SO ORDERED.

Enter for this 28th day of June, 2007.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge

5